IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KATHLEEN MAREZ, | ) |
| Plaintiff, | ) |
| vs. | ) Cause No.: 4:09CV999 MLM |
| SAINT-GOBAIN CONTAINERS, INC., | ) |
| Defendant. | ) |

## SECOND AMENDED COMPLAINT

COMES NOW Plaintiff KATHLEEN MAREZ, by and through counsel, and for her Second Amended Complaint against Defendant SAINT-GOBAIN CONTAINERS, INC., states to this Court as follows:

## PARTIES

1. Plaintiff KATHLEEN MAREZ is a United States citizen who now resides, and at all times relevant herein, resided in Bismarck, Missouri.

2. Defendant SAINT-GOBAIN CONTAINERS, INC., is a Delaware corporation which is registered to do business in the State of Missouri as a foreign corporation and is in good standing, with its principal place of business, wherein the acts alleged herein occurred, located in Jefferson County at: at 1500 St. Gobain Drive, Pevely, Missouri 63070.

## JURISDICTION AND VENUE

3. KATHLEEN MAREZ seeks to recover damages under an Act of Congress which provides for the protection of persons who take family or medical leave, namely

the Family Medical Leave Act. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1343 (a)(4) and 29 U.S.C. §2617 (a)(2).

4. Defendant SAINT-GOBAIN CONTAINERS, INC. is located in this district and does transact business in this district as SAINT-GOBAIN CONTAINERS, INC. The claims set forth herein arose in this district. Pursuant to 28 U.S.C. §1391 (b) and Local Rules 3--2.07(A)(1) and 3--2.07(B)(1), venue in this Court is proper.

5. KATHLEEN MAREZ is an "eligible employee" within the definition of the Family Medical Leave Act. At the time of the conduct giving rise to her causes of action herein, KATHLEEN MAREZ had been employed: 1) for at least 12 months by Defendant SAINT-GOBAIN CONTAINERS, INC., and 2) for at least 1,250 hours of service with SAINT-GOBAIN CONTAINERS, INC. during the previous 12-month period.

6. At the time of the conduct giving rise to the causes of action herein, Defendant SAINT-GOBAIN CONTAINERS, INC. qualified as an "employer" within the definition of the Family Medical Leave Act ("FMLA") because it was engaged in an industry or activity affecting commerce and employed fifty (50) or more employees within a 75-mile radius.

7. KATHLEEN MAREZ has exhausted her administrative remedies by timely filing with the Missouri Commission on Human Rights ("MCHR") and timely filing the present lawsuit within ninety (90) days of receiving her MCHR Notice of Right to Sue. (See Plaintiff's Exhibit 1, which is attached hereto).

### Count I

### UNLAWFUL RETALIATION IN VIOLATION OF
### THE MISSOURI HUMAN RIGHTS ACT, §§ 213.010 R.S.Mo., *et seq.*

COMES NOW Plaintiff KATHLEEN MAREZ, by and through counsel, pursuant to the Missouri Human Rights Act, §§ 213.010 R.S.Mo., *et seq.*, and for her First Cause of Action against Defendant SAINT-GOBAIN CONTAINERS, INC., states to this court as follows:

8. KATHLEEN MAREZ repeats and realleges the facts contained in paragraphs 1-7 as if fully set forth herein.

9. KATHLEEN MAREZ began working for Saint-Gobain Containers on June 12, 2006, as a Production Supervisor.

10. Sometime in or around May of 2007, Ms. Marez engaged in the protected activity of complaining to Sandy Cook (Cold End Manager), Lisa Steiner (HR Manager), Scott Meade (Operations Manager), and Charlie Franzoi (Plant Manager), that it was not fair that a female process handler was being disciplined for allegedly not finding a defect on the line, when, at the same time, she handed Sandy Cook a paper verifying that the defect had been on the line since the previous inspector's shift, who was a male, and he was not similarly being disciplined.

11. As a direct and proximate result of engaging in the protected activity of complaining to management about the disparate treatment of the male and female employee, Sandy Cook stood up, with her chair flying against the wall behind her, and screamed at KATHLEEN MAREZ, "who do you think you are questioning ME?!" Ms. Marez told her, "Sandy, we have to discipline equally. It's not fair. We supervisors pay the price for it."

12. As a further direct and proximate result of engaging in the protected activity of complaining to upper management about the disparate treatment of the male and female employees, Charlie Franzoi, the Plant Manager, screamed at KATHLEEN MAREZ, "get out of this office right now!" Accordingly, KATHLEEN MAREZ left the office and about 10 minutes later Sandy came out to the production floor and said that Charlie wanted to talk to her.

13. KATHLEEN MAREZ proceeded back to the office as instructed and Charlie Franzoi told her that he was sending her home for the day and told her to "go home and think about whether she wanted to be part of that management team." He said, "who do you think you are questioning management? You are nothing. You are only a supervisor. That's only a step above being a line operator."

14. Upon returning to work the following day, KATHLEEN MAREZ was written up for insubordination for complaining about the discrimination.

15. As a further direct and proximate result of engaging in the protected activity of complaining about the disparate treatment of the female and male employees, KATHLEEN MAREZ was further retaliated against by being given an unfairly negative and inaccurate performance evaluation on 6/27/07, which necessarily affected her annual raise.

16. As a direct and proximate result of being unfairly retaliated against, KATHLEEN MAREZ was caused to suffer the lost wages from the raise she should have received, emotional distress, and attorney's fees.

17. At all relevant times, Defendant SAINT-GOBAIN CONTAINERS, INC.'s actions were done wantonly, with malice and reckless indifference and, therefore,

warrant an award of punitive damages in order to punish Defendant to serve as an example or warning to others not to engage in such conduct.

WHEREFORE Plaintiff KATHLEEN MAREZ prays this Court enter judgment in hers favor and against Defendant SAINT-GOBAIN CONTAINERS, INC. on Count I of her Complaint and that this Court enter declaratory judgment in her favor and against Defendant SAINT-GOBAIN CONTAINERS, INC. declaring that Defendant's conduct was unlawful and in violation of the Missouri Human Rights Act and directing that they cease engaging in further discriminatory conduct, and that after trial by jury, this Court award to her a fair and reasonable amount as and for her compensatory damages, punitive damages, together with her attorney's fees and costs, and for such further relief as this Court may deem just and proper under the circumstances.

### Count II

### DISCRIMINATORY DISCHARGE IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT, §§ 213.010 R.S.Mo., *et seq.*

COMES NOW Plaintiff KATHLEEN MAREZ, by and through counsel, pursuant to the Missouri Human Rights Act, §§ 213.010 R.S.Mo., *et seq.*, and for her Second Cause of Action, as against Defendant SAINT-GOBAIN CONTAINERS, INC., states to this court as follows:

18.  KATHLEEN MAREZ repeats and realleges the facts contained in paragraphs 1-17 as if fully set forth herein.

19.  On 1/30/08, KATHLEEN MAREZ was called to come into work on her day off, and was terminated for her equipment allegedly "flatlining" on 1/28/08.

20.  Sometime prior to that date, when KATHLEEN MAREZ came into work, she reported to Sandy Cook that upon coming on to her shift, two (2) of the male Production

5

Supervisors, Dave Boyer and Jeff Traveer, had not been reporting certain things on their shift.  Sandy Cook just told them to "keep an eye on the equipment," and did not discharge them.  KATHLEEN MAREZ reported to her that their inspection equipment had "flatlined," the same thing for which she was terminated.

21. KATHLEEN MAREZ's gender was a contributing factor in SAINT-GOBAIN CONTAINERS, INC.'s decision to discharge her.

22. As a direct and proximate result of being discharged, KATHLEEN MAREZ has been damaged, including but not limited to the following:  she has suffered and continues to suffer considerable emotional and mental distress, she has suffered and continues to suffer lost wages and benefits of employment, and she now will incur and will continue to incur attorney's fees and the cost of this litigation.

23. At all relevant times, Defendant SAINT-GOBAIN CONTAINERS, INC.'s actions were done wantonly, with malice and reckless indifference and, therefore, warrant an award of punitive damages in order to punish Defendant to serve as an example or warning to others not to engage in such conduct.

WHEREFORE Plaintiff KATHLEEN MAREZ prays this Court enter judgment in her favor and against Defendant SAINT-GOBAIN CONTAINERS, INC. on Count II of her Complaint and that this Court enter declaratory judgment in her favor and against Defendant SAINT-GOBAIN CONTAINERS, INC. declaring that Defendant's conduct was unlawful and in violation of the Missouri Human Rights Act and directing that they cease engaging in further discriminatory conduct, and that after trial by jury, this Court award to her a fair and reasonable amount as and for her compensatory damages for her lost wages and emotional distress, front pay, prejudgment interest, punitive

damages, together with her attorney's fees and costs, and for such further relief as this Court may deem just and proper under the circumstances.

### Count III

### DISCRIMINATORY DISCHARGE IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT, §§ 213.010 R.S.Mo., *et seq.*

COMES NOW Plaintiff KATHLEEN MAREZ, by and through counsel, pursuant to the Missouri Human Rights Act, §§ 213.010 R.S.Mo., *et seq.*, and for her Third Cause of Action, as against Defendant SAINT-GOBAIN CONTAINERS, INC., states to this court as follows:

24. KATHLEEN MAREZ repeats and realleges the facts contained in paragraphs 1-23 as if fully set forth herein.

25. On 1/30/08, KATHLEEN MAREZ was called to come into work on her day off, and was terminated for her equipment allegedly "flatlining" on 1/28/08.

26. Sometime prior to that date, when KATHLEEN MAREZ came into work, she reported to Sandy Cook that upon coming on to her shift, two (2) of the male Production Supervisors, Dave Boyer (who is in his late 20's or early 30's) and Jeff Traveer (who is in his 20's), had not been reporting certain things on their shift. Sandy Cook just told them to "keep an eye on the equipment," and did not discharge them. KATHLEEN MAREZ reported to her that their inspection equipment had "flatlined," the same thing for which she was terminated.

27. At the time of KATHLEEN MAREZ's discharge, she was 44 years of age.

28. KATHLEEN MAREZ's age was a contributing factor in SAINT-GOBAIN CONTAINERS, INC.'s decision to discharge her.

29. As a direct and proximate result of being discharged, KATHLEEN MAREZ has been damaged, including but not limited to the following: she has suffered and continues to suffer considerable emotional and mental distress, she has suffered and continues to suffer lost wages and benefits of employment, and she now will incur and will continue to incur attorney's fees and the cost of this litigation.

30. At all relevant times, Defendant SAINT-GOBAIN CONTAINERS, INC.'s actions were done wantonly, with malice and reckless indifference and, therefore, warrant an award of punitive damages in order to punish Defendant to serve as an example or warning to others not to engage in such conduct.

WHEREFORE Plaintiff KATHLEEN MAREZ prays this Court enter judgment in her favor and against Defendant SAINT-GOBAIN CONTAINERS, INC. on Count III of her Complaint and that this Court enter declaratory judgment in her favor and against Defendant SAINT-GOBAIN CONTAINERS, INC. declaring that Defendant's conduct was unlawful and in violation of the Missouri Human Rights Act and directing that they cease engaging in further discriminatory conduct, and that after trial by jury, this Court award to him a fair and reasonable amount as and for her compensatory damages for her lost wages and emotional distress, punitive damages, front pay, prejudgment interest, together with her attorney's fees and costs, and for such further relief as this Court may deem just and proper under the circumstances.

### Count IV

### UNLAWFUL TERMINATION IN VIOLATION OF THE
### FAMILY MEDICAL LEAVE ACT, 29 U.S.C. §§ 2611 *et seq.*

COMES NOW Plaintiff KATHLEEN MAREZ, by and through counsel, pursuant to the Family Medical Leave Act, 29 U.S.C.§§ 2611 *et seq.*, and for her Fourth Cause of Action against SAINT-GOBAIN CONTAINERS, INC., states to this Court as follows:

31. Plaintiff repeats and realleges paragraphs 1-30 as if fully stated herein.

32. From 7/6/07 thru 9/13/07, KATHLEEN MAREZ suffered from severe hemorrhoids and surgery, which is a serious health condition within the definition of the Family Medical Leave Act because it was an impairment or injury that required inpatient care in a hospital and continuing treatment by a health care provider and incapacitated her from working and performing her daily life activities for more than three (3) consecutive calendar days.

33. While out on that FMLA-qualifying leave, Ms. Marez received a letter dated September 7, 2007, indicating that she was terminated as of August 27, 2007.

34. Ms. Marez contacted the Department of Labor about being terminated and they, in turn, contacted SAINT-GOBAIN CONTAINERS, INC., and as a result, SAINT-GOBAIN CONTAINERS, INC. reinstated Ms. Marez at the end of her Family Medical leave on September 13, 2007.

35. As a direct and proximate result of unlawfully terminating KATHLEEN MAREZ in violation of the Family Medical Leave Act, SAINT-GOBAIN CONTAINERS, INC. docked Ms. Marez for five (5) vacation days.

36. Defendant's conduct at all times described herein was not in good faith and, therefore, liquidated damages should be awarded.

WHEREFORE KATHLEEN MAREZ respectfully requests that this Court enter judgment in her favor and find that SAINT-GOBAIN CONTAINERS, INC. unlawfully terminated her in violation of the Family Medical Leave Act, and award to her compensatory damages for the five (5) vacation days she was docked, together with interest thereon, liquidated damages, attorney's fees, expert fees and costs, and any and all further relief as to this Court deems just and proper under the circumstances.

**Count V**

**UNLAWFUL TERMINATION IN VIOLATION OF THE
FAMILY MEDICAL LEAVE ACT, 29 U.S.C.§§ 2611 *et seq.***

COMES NOW Plaintiff KATHLEEN MAREZ, by and through counsel, pursuant to the Family Medical Leave Act, 29 U.S.C.§§ 2611 *et seq.*, and for her Fifth Cause of Action against SAINT-GOBAIN CONTAINERS, INC., states to this Court as follows:

37. Plaintiff repeats and realleges paragraphs 1-36 as if fully stated herein.

38. On January 28, 2008, Kathleen Marez informed her supervisor, Sandy Cook, that she need to speak to her. Sandy Cook asked, "what?" Kathleen Marez informed her that she would be needing to take leave under the Family Medical Leave Act because her husband was going to have to have his toe amputated.

39. On 1/30/08, Ms. Marez was terminated.

40. Ms. Marez's expressed intent to take Family Medical leave for the serious health condition of her immediate family member (her husband) was a motivating factor in SAINT-GOBAIN CONTAINERS, INC.'s decision to terminate her.

41. As a direct and proximate result of being discharged in violation of the Family Medical Leave Act, Plaintiff has been damaged in the following ways:

(a) she has lost and will lose wages, salary, and employment benefits, from January 28, 2008, up to the date of trial;

(b) interest on the amount in subparagraph (a) above at the statutory rate;

(c) an additional amount as liquidated damages equal to the sum of the amounts in (a) and (b) above; and

(d) attorney's fees, expert fees and costs pursuant to 29 U.S.C. §2617(a)(3).

42. Defendant's conduct at all times described herein was not in good faith and therefore, liquidated damages should be awarded.

WHEREFORE KATHLEEN MAREZ respectfully requests that this Court enter judgment in her favor and find that SAINT-GOBAIN CONTAINERS, INC. unlawfully terminated her in violation of the Family Medical Leave Act, and award to her compensatory damages, together with interest thereon, liquidated damages, front pay, attorney's fees, expert fees and costs, and any and all further relief as to this Court deems just and proper under the circumstances.

Respectfully submitted,

**LAW OFFICE OF
KRISTIN F. WHITTLE, L.L.C.**

  /s/ Kristin Whittle Parke
Kristin Whittle Parke     #36549
11901 Olive Blvd., Suite 200
First Bank Building
St. Louis, MO 63141
(314) 439-5291
(314) 4391-5290  (facsimile)
email:  kwhittlelaw@aol.com
Attorney for Plaintiff
KATHLEEN MAREZ

11

## Certificate of Service

The undersigned certifies that she electronically filed the foregoing with the Court via the ECF filing system on this 7th day of October, 2009, which then electronically served copies upon the following individuals whom elected to receive notice electronically: Carolyn Clay Hall, cclayhall@binhammchale.com, Katherine Gehring Erdel, kerdel@binghammchale.com, Jeffery Martin Mallamad, jmallamad@binghammchale.com, Attorneys at Law, BINGHAM AND MCHALE, LLP, 10 W. Market Street, 2700 Market Tower, Indianapolis, IN 46204; and Dennis C. Donnelly, dcdonnelly@bryancave.com, Attorney at Law, Bryan Cave LLP, One Metropolitan Square, 211 N. Broadway, Suite 3600, St. Louis, MO 63102, Attorneys for Defendant Saint Gobain Containers, Inc.

                */s/ Kristin Whittle Parke*



## MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
## MISSOURI COMMISSION ON HUMAN RIGHTS



JEREMIAH W. (JAY) NIXON
GOVERNOR

LAWRENCE G. REBMAN
DEPARTMENT DIRECTOR

ALVIN CARTER
COMMISSION CHAIRPERSON

ALISA WARREN
EXECUTIVE DIRECTOR

Kathleen Marez
11697 John Emling Rd.
Bismarck, MO 63624



PLAINTIFF'S EXHIBIT 1

FE-4/08-09925

**NOTICE OF RIGHT TO SUE**

RE: Marez vs. Saint Gobain Containers
FE-4/08-09925   560-2008-01679

This is your **NOTICE OF RIGHT TO SUE** pursuant to the Missouri Human Rights Act.

This letter indicates your right to bring a civil action within 90 days of such notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, either before a circuit or associate circuit judge. Upon issuance of this notice, the commission shall terminate all proceedings relating to the complaint. No person may file or reinstate a complaint with the commission after the issuance of a notice under this section relating to the same practice or act. Any action brought in court under this section shall be filed within ninety days from the date of the commission's notification letter to the individual but no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party. As you have duly requested in writing, you are hereby notified of your right to sue the respondent(s) named in your complaint in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. No person may file or reinstate a complaint after the issuance of notice of right to sue. Please note that this notice of right to sue has no effect on the suit filing period for any federal claims.

On behalf of the Commission:

Terry Old
Information Support Coordinator
Terry.Old@labor.mo.gov

July 9, 2009
Date

C:  Saint Gobain Containers
    1500 St. Gabain Dr.
    Pevely, MO 63070

Kristin Whittle Parke
11901 Olive Blvd., Suite 200
St. Louis, MO 63141

☒ 3315 W. TRUMAN BLVD.
P.O. Box 1129
JEFFERSON CITY, MO 65102-1129
PHONE: 573-751-3325
FAX: 573-751-2905

☐ 111 N. 7TH STREET, SUITE 903
ST. LOUIS, MO 63101-2100
PHONE: 314-340-7590
FAX: 314-340-7238

☐ P.O. Box 1300
OZARK, MO 65721-1300
FAX: 417-895-6024

☐ 1410 GENESSEE, SUITE 260
KANSAS CITY, MO 64102
FAX: 816-889-3582

☐ 106 ARTHUR STREET
SUITE D
SIKESTON, MO 63801-5454
FAX: 573-472-5321

Relay Missouri:   1-800-735-2966 (TDD)   1-800-735-2466 (Voice)