UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Kathleen Marez, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 4:09-cv-00999-MLM |
| ) | |
| ) | |
| Saint-Gobain Containers, Inc., ) | |
| ) | |
| Defendant. ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Saint-Gobain Containers, Inc. ("SGCI"), by counsel, for its Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint ("Complaint"), respectfully states that on October 26, 2009, it filed its Amended Motion to Dismiss Counts I, II and, III of Plaintiff's Second Amended Complaint ("Motion to Dismiss"), which is incorporated herein.  To the remaining allegations not addressed in the Motion to Dismiss, SGCI states as follows:

### PARTIES

**1.    Plaintiff Kathleen Marez is a United States citizen who now resides, and at all times relevant herein, resided in Bismarck, Missouri.**

ANSWER:    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 1 and, therefore, denies the same.

**2.    Defendant Saint-Gobain Containers, Inc., is a Delaware corporation which is registered to do business in the State of Missouri as a foreign corporation and is in good**

**standing, with its principal place of business, wherein the acts alleged herein occurred, located in Jefferson County at:  at 1500 St. Gobain Drive, Pevely, Missouri 63070.**

ANSWER: Defendant admits the allegations of Paragraph 2.

## JURISDICTION AND VENUE

**3. Kathleen Marez seeks to recover damages under an Act of Congress which provides for the protection of persons who take family or medical leave, namely the Family Medical Leave Act [*sic*].  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1343(a)(4) and 29 U.S.C. §2617(a)(2).**

ANSWER: This allegation is the subject of Defendant's simultaneously-filed Motion to Dismiss, which is incorporated herein.  If and to the extent that motion is denied, Defendant responds as follows:  Defendant admits that Plaintiff is attempting to state claims against SGCI under the Family and Medical Leave Act ("FMLA"), but denies that it engaged in any unlawful conduct.  Defendant admits that Plaintiff purports to invoke the Court's jurisdiction under 28 U.S.C. §1343(a)(4) and 29 U.S.C. §2617(a)(2).  Defendant admits that this Court has jurisdiction over Plaintiff's FMLA law claims.  Defendant denies that this Court has jurisdiction over the remainder of the claims, namely the state law claims, set forth in the Complaint.  Defendant denies the remaining allegations of Paragraph 3.

**4. Defendant Saint-Gobain Containers, Inc. is located in this district and does transact business in this district as Saint-Gobain Containers, Inc.  The claims set forth herein arose in this district.  Pursuant to 28 U.S.C. §1391(b) and Local Rules 3-2.07(A)(1) and 3-2.07(B)(1), venue in this Court is proper.**

ANSWER: This allegation is the subject of Defendant's simultaneously-filed Motion to Dismiss, which is incorporated herein. If and to the extent that motion is denied, Defendant responds as follows: Defendant admits that SGCI is located in this judicial district and transacts business in this judicial district as Saint-Gobain Containers, Inc. Defendant admits that the claims set forth in the Complaint arose in this judicial district, but denies that it engaged in any unlawful conduct. Defendant admits that venue is proper in this judicial district as it pertains to Plaintiff's FMLA claims. Defendant denies that venue is proper in this judicial district as it pertains to the remainder of the claims, namely the state law claims, set forth in the Complaint. Defendant denies the remaining allegations of Paragraph 4.

5. **Kathleen Marez is an "eligible employee" within the definition of the Family Medical Leave Act [*sic*]. At the time of the conduct giving rise to her causes of action herein, Kathleen Marez had been employed: 1) for at least 12 months by Defendant Saint-Gobain Containers, Inc., and 2) for at least 1,250 hours of service with Saint-Gobain Containers, Inc. during the previous 12-month period.**

ANSWER: Defendant denies that Plaintiff is an "eligible employee" within the definition of the Family and Medical Leave Act. Defendant admits that Plaintiff had been employed with SGCI for at least 12 months and for at least 1,250 hours of service during the previous 12-month period prior to her FMLA leave in 2007.

6. **At the time of the conduct giving rise to the causes of action herein, Defendant Saint-Gobain Containers, Inc. qualified as an "employer" within the definition of the Family**

**Medical Leave Act [*sic*] ("FMLA") because it was engaged in an industry or activity affecting commerce and employed fifty (50) or more employees within a 75-mile radius.**

ANSWER: Defendant admits the allegations of Paragraph 6.

7. **Kathleen Marez has exhausted her administrative remedies by timely filing with the Missouri Commission on Human Rights ("MCHR") and timely filing the present lawsuit within ninety (90) days of receiving her MCHR Notice of Right to Sue.  (*See* Plaintiff's Exhibit 1, which is attached hereto).**

ANSWER: This allegation is the subject of Defendant's simultaneously-filed Motion to Dismiss, which is incorporated herein.  If and to the extent that motion is denied, Defendant responds as follows:  Defendant denies the allegations of Paragraph 7.

## Count I

### UNLAWFUL RETALIATION IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT, §§ 213.010 R.S.Mo., *et seq.*

8. **Kathleen Marez repeats and realleges the facts contained in paragraphs 1-7 as if fully set forth herein.**

ANSWER: Count I is the subject of SGCI's simultaneously-filed Motion to Dismiss, which is incorporated herein.  If and to the extent that motion is denied, Defendant responds as follows:  Defendant incorporates by reference its answers to Paragraphs 1 through 7 of the Complaint as if fully set forth herein.

9. **Kathleen Marez began working for Saint-Gobain Containers on June 12, 2006, as a Production Supervisor.**

1436487                                               4

ANSWER: Count I is the subject of SGCI's simultaneously-filed Motion to Dismiss, which is incorporated herein. If and to the extent that motion is denied, Defendant responds as follows: Defendant admits that Plaintiff was hired by SGCI on June 12, 2006 to fill the position of Shift Supervisor.

**10. Sometime in or around May of 2007, Ms. Marez engaged in the protected activity of complaining to Sandy Cook (Cold End Manager), Lisa Steiner (HR Manager), Scott Meade (Operations Manager), and Charlie Franzoi (Plant Manager), that it was not fair that a female process handler was being disciplined for allegedly not finding a defect on the line, when, at the same time, she handed Sandy Cook a paper verifying that the defect had been on the line since the previous inspector's shift, who was a male, and he was not similarly being disciplined.**

ANSWER: Count I is the subject of SGCI's simultaneously-filed Motion to Dismiss, which is incorporated herein. If and to the extent that motion is denied, Defendant responds as follows: Defendant denies the allegations of Paragraph 10.

**11. As a direct and proximate result of engaging in the protected activity of complaining to management about the disparate treatment of the male and female employee, Sandy Cook stood up, with her chair flying against the wall behind her, and screamed at Kathleen Marez, "who do you think you are questioning ME?!" Ms. Marez told her, "Sandy, we have to discipline equally. It's not fair. We supervisors pay the price for it."**

1436487

5

ANSWER: Count I is the subject of SGCI's simultaneously-filed Motion to Dismiss, which is incorporated herein. If and to the extent that motion is denied, Defendant responds as follows: Defendant denies the allegations of Paragraph 11.

**12.    As a further direct and proximate result of engaging in the protected activity of complaining to upper management about the disparate treatment of the male and female employees, Charlie Franzoi, the Plant Manager, screamed at Kathleen Marez, "get out of this office right now!" Accordingly, Kathleen Marez left the office and about 10 minutes later Sandy came out to the production floor and said that Charlie wanted to talk to her.**

ANSWER: Count I is the subject of SGCI's simultaneously-filed Motion to Dismiss, which is incorporated herein. If and to the extent that motion is denied, Defendant responds as follows: Defendant denies the allegations of Paragraph 12.

**13.    Kathleen Marez proceeded back to the office as instructed and Charlie Franzoi told her that he was sending her home for the day and told her to "go home and think about whether she wanted to be part of that management team." He said, "who do you think you are questioning management? You are nothing. You are only a supervisor. That's only a step above being a line operator."**

ANSWER: Count I is the subject of SGCI's simultaneously-filed Motion to Dismiss, which is incorporated herein. If and to the extent that motion is denied, Defendant responds as follows: Defendant admits that Charlie Franzoi sent Plaintiff home for the day on May 16, 2007. Defendant denies the remaining allegations of Paragraph 13.

**14.     Upon returning to work the following day, Kathleen Marez was written up for insubordination for complaining about the discrimination.**

ANSWER:     Count I is the subject of SGCI's simultaneously-filed Motion to Dismiss, which is incorporated herein.  If and to the extent that motion is denied, Defendant responds as follows:  Defendant admits that on May 17, 2007, Plaintiff was issued a written disciplinary letter for her conduct towards her supervisor, Sandy Cook.  Defendant denies the remaining allegations of Paragraph 14.

**15.     As a further direct and proximate result of engaging in the protected activity of complaining about the disparate treatment of the female and male employees, Kathleen Marez was further retaliated against by being given an unfairly negative and inaccurate performance evaluation on 6/27/07, which necessarily affected her annual raise.**

ANSWER:     Count I is the subject of SGCI's simultaneously-filed Motion to Dismiss, which is incorporated herein.  If and to the extent that motion is denied, Defendant responds as follows:  Defendant admits that Plaintiff was given a performance evaluation of "Fair" on June 27, 2007.  Defendant denies the remaining allegations of Paragraph 15.

**16.     As a direct and proximate result of being unfairly retaliated against, Kathleen Marez was caused to suffer the lost wages from the raise she should have received, emotional distress, and attorney's fees.**

ANSWER:     Count I is the subject of SGCI's simultaneously-filed Motion to Dismiss, which is incorporated herein.  If and to the extent that motion is denied, Defendant responds as follows:  Defendant denies the allegations of Paragraph 16.

17. **At all relevant times, Defendant Saint-Gobain Containers, Inc.'s actions were done wantonly, with malice and reckless indifference and, therefore, warrant an award of punitive damages in order to punish Defendant to serve as an example or warning to others not to engage in such conduct.**

ANSWER:  Count I is the subject of SGCI's simultaneously-filed Motion to Dismiss, which is incorporated herein.  If and to the extent that motion is denied, Defendant responds as follows:  Defendant denies the allegations of Paragraph 17.

<u>**Count II**</u>

**<u>DISCRIMINATORY DISCHARGE IN VIOLATION OF
THE MISSOURI HUMAN RIGHTS ACT, §§ 213.010 R.S.Mo.,</u> *et seq.***

18. **Kathleen Marez repeats and realleges the facts contained in paragraphs 1-17 as if fully set forth herein.**

ANSWER:  Count II is the subject of SGCI's simultaneously-filed Motion to Dismiss, which is incorporated herein.  If and to the extent that motion is denied, Defendant responds as follows:  In response to Paragraph 18 of the Complaint, Defendant incorporates by reference its answers to Paragraphs 1 through 17 of the Complaint as if fully set forth herein.

19. **On 1/30/08, Kathleen Marez was called to come into work on her day off, and was terminated for her equipment allegedly "flatlining" on 1/28/09.**

ANSWER:  Count II is the subject of SGCI's simultaneously-filed Motion to Dismiss, which is incorporated herein.  If and to the extent that motion is denied, Defendant responds as follows:  Defendant admits that Plaintiff was terminated on January 30, 2008 for unsatisfactory job performance.  Defendant denies the remaining allegations of Paragraph 19.

**20.     Sometime prior to that date, when Kathleen Marez came into work, she reported to Sandy Cook that upon coming on to her shift, two (2) of the male Production Supervisors, Dave Boyer and Jeff Traveer, had not been reporting certain things on their shift.  Sandy Cook just told them to "keep an eye on the equipment," and did not discharge them.  Kathleen Marez reported to her that their inspection equipment had "flatlined," the same thing for which she was terminated.**

ANSWER:     Count II is the subject of SGCI's simultaneously-filed Motion to Dismiss, which is incorporated herein.  If and to the extent that motion is denied, Defendant responds as follows:  Defendant denies the allegations of Paragraph 20.


**21.     Kathleen Marez's gender was a contributing factor in Saint-Gobain Containers, Inc. decision to discharge her.**

ANSWER:     Count II is the subject of SGCI's simultaneously-filed Motion to Dismiss, which is incorporated herein.  If and to the extent that motion is denied, Defendant responds as follows:  Defendant denies the allegations of Paragraph 21.


**22.     As a direct and proximate result of being discharged, Kathleen Marez has been damaged, including but not limited to the following:  She has suffered and continues to suffer considerable emotional and mental distress, she has suffered and continues to suffer lost wages and benefits of employment, and she now will incur and will continue to incur attorney's fees and the cost of this litigation.**

ANSWER: Count II is the subject of SGCI's simultaneously-filed Motion to Dismiss, which is incorporated herein. If and to the extent that motion is denied, Defendant responds as follows: Defendant denies the allegations of Paragraph 22.

**23. At all relevant times, Defendant Saint-Gobain Containers, Inc.'s actions were done wantonly, with malice and reckless indifference and, therefore, warrant an award of punitive damages in order to punish Defendant to serve as an example or warning to others not to engage in such conduct.**

ANSWER: Count II is the subject of SGCI's simultaneously-filed Motion to Dismiss, which is incorporated herein. If and to the extent that motion is denied, Defendant responds as follows: Defendant denies the allegations of Paragraph 23.

**Count III**

**DISCRIMINATORY DISCHARGE IN VIOLATION OF
THE MISSOURI HUMAN RIGHTS ACT, §§ 213.010 R.S.Mo., *et seq.***

**24. Kathleen Marez repeats and realleges the facts contained in paragraphs 1-23 as if fully set forth herein.**

ANSWER: Count III is the subject of SGCI's simultaneously-filed Motion to Dismiss, which is incorporated herein. If and to the extent that motion is denied, Defendant responds as follows: Defendant incorporates by reference its answers to Paragraphs 1 through 23 of the Complaint as if fully set forth herein.

**25. On 1/30/08, Kathleen Marez was called to come into work on her day off, and was terminated for her equipment allegedly "flatlining" on 1/28/08.**

ANSWER: Count III is the subject of SGCI's simultaneously-filed Motion to Dismiss, which is incorporated herein. If and to the extent that motion is denied, Defendant responds as follows: Defendant admits that Plaintiff was terminated on January 30, 2008 for unsatisfactory job performance. Defendant denies the remaining allegations of Paragraph 25.

**26. Sometime prior to that date, when Kathleen Marez came into work, she reported to Sandy Cook that upon coming on to her shift, two (2) of the male Production Supervisors, Dave Boyer (who is in his late 20's or early 30's) and Jeff Traveer (who is in his 20's), had not been reporting certain things on their shift. Sandy Cook just told them to "keep an eye on the equipment," and did not discharge them. Kathleen Marez reported to her that their inspection equipment had "flatlined," the same thing for which she was terminated.**

ANSWER: Count III is the subject of SGCI's simultaneously-filed Motion to Dismiss, which is incorporated herein. If and to the extent that motion is denied, Defendant responds as follows: Defendant denies the allegations of Paragraph 26.

**27. At the time of Kathleen Marez's discharge, she was 44 years of age.**

ANSWER: Count III is the subject of SGCI's simultaneously-filed Motion to Dismiss, which is incorporated herein. If and to the extent that motion is denied, Defendant responds as follows: Defendant admits the allegations of Paragraph 27.

**28. Kathleen Marez's age was a contributing factor in Saint-Gobain Containers, Inc.'s decision to discharge her.**

ANSWER: Count III is the subject of SGCI's simultaneously-filed Motion to Dismiss, which is incorporated herein. If and to the extent that motion is denied, Defendant responds as follows: Defendant denies the allegations of Paragraph 28.

**29. As a direct and proximate result of being discharged, Kathleen Marez has been damaged, including but not limited to the following: she has suffered and continues to suffer considerable emotional and mental distress, she has suffered and continues to suffer lost wages and benefits of employment, and she now will incur and will continue to incur attorney's fees and the cost of this litigation.**

ANSWER: Count III is the subject of SGCI's simultaneously-filed Motion to Dismiss, which is incorporated herein. If and to the extent that motion is denied, Defendant responds as follows: Defendant denies the allegations of Paragraph 29.

**30. At all relevant times, Defendant Saint-Gobain Containers, Inc.'s actions were done wantonly, with malice and reckless indifference and, therefore, warrant an award of punitive damages in order to punish Defendant to serve as an example or warning to others not to engage in such conduct.**

ANSWER: Count III is the subject of SGCI's simultaneously-filed Motion to Dismiss, which is incorporated herein. If and to the extent that motion is denied, Defendant responds as follows: Defendant denies the allegations of Paragraph 30.

<u>Count IV</u>

<u>UNLAWFUL TERMINATION IN VIOLATION OF THE
FAMILY MEDICAL LEAVE ACT [*sic*], 29 U.S.C. §§ 2611 *et seq.*</u>

**31. Plaintiff repeats and realleges paragraphs 1-30 as if fully set forth herein.**

ANSWER: In response to Paragraph 31 of the Complaint, Defendant incorporates by reference its answers to Paragraphs 1 through 30 of the Complaint as if fully set forth herein.

**32. From 7/6/07 thru 9/13/07, Kathleen Marez suffered from severe hemorrhoids and surgery, which is a serious health condition within the definition of the Family Medical Leave Act [sic] because it was an impairment or injury that required inpatient care in a hospital and continuing treatment by a health care provider and incapacitated her from working and performing her daily life activities for more than three (3) consecutive calendar days.**

ANSWER: Defendant denies the allegations of Paragraph 32.

**33. While out on that FMLA-qualifying leave, Ms. Marez received a letter dated September 7, 2007, indicating that she was terminated as of August 27, 2007.**

ANSWER: Defendant admits that SGCI sent Plaintiff a letter dated September 7, 2007, indicating that she was terminated because her doctor had not approved her FMLA leave past August 27, 2007. Defendant denies the remaining allegations of Paragraph 33.

**34. Ms. Marez contacted the Department of Labor about being terminated and they, in turn, contacted Saint-Gobain Containers, Inc., and as a result, Saint-Gobain Containers, Inc. reinstated Ms. Marez at the end of her Family Medical leave on September 13, 2007.**

ANSWER: Defendant admits that it reinstated Plaintiff on September 13, 2007 after receiving a letter indicating that Plaintiff was approved to remain on leave from work until September 13, 2007 . Defendant denies the remaining allegations of Paragraph 34.

35. **As a direct and proximate result of unlawfully terminating Kathleen Marez in violation of the Family Medical Leave Act [*sic*], Saint-Gobain Containers, Inc. docked Ms. Marez for five (5) vacation days.**

ANSWER: Defendant denies the allegations of Paragraph 35.

36. **Defendant's conduct at all times described herein was not in good faith and, therefore, liquidated damages should be awarded.**

ANSWER: Defendant denies the allegations of Paragraph 36.

### Count V

### UNLAWFUL TERMINATION IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT [*sic*], 29 U.S.C. §§ 2611 *et seq.*

37. **Plaintiff repeats and realleges paragraphs 1-36 as if fully set forth herein.**

ANSWER: In response to Paragraph 37 of the Complaint, Defendant incorporates by reference its answers to Paragraphs 1 through 36 of the Complaint as if fully set forth herein.

38. **On January 28, 2008, Kathleen Marez informed her supervisor, Sandy Cook, that she need [*sic*] to speak to her. Sandy Cook asked, "what?" Kathleen Marez informed her that she would be needing to take leave under the Family Medical Leave Act [*sic*] because her husband was going to have to have his toe amputated.**

ANSWER: Defendant denies the allegations of Paragraph 38.

39.     **On 1/30/08, Ms. Marez was terminated.**

ANSWER:     Defendant admits the allegations of Paragraph 39.

40.     **Ms. Marez's expressed intent to take Family Medical leave for the serious health condition of her immediate family member (her husband) was a motivating factor in Saint-Gobain Containers, Inc.'s decision to terminate her.**

ANSWER:     Defendant denies the allegations of Paragraph 40.

41.     **As a direct and proximate result of being discharged in violation of the Family Medical Leave Act [*sic*], Plaintiff has been damaged in the following ways:**

(a)     she has lost and will lose wages, salary, and employment benefits, from January 28, 2008, up to the date of trial;

(b)     interest on the amount in subparagraph (a) above at the statutory rate;

(c)     an additional amount as liquidated damages equal to the sum of the amounts in (a) and (b) above; and

(d)     attorney's fees, expert fees and costs pursuant to 29 U.S.C. § 2617(a)(3).

ANSWER:     Defendant denies the allegations of Paragraph 41.

42.     **Defendant's conduct at all times described herein was not in good faith and therefore, liquidated damages should be awarded.**

ANSWER:     Defendant denies the allegations of Paragraph 42.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. To the extent Plaintiff's Complaint alleges claims not included in her charges with the EEOC, those claims are barred as Plaintiff has failed to exhaust her administrative prerequisites.

3. To the extent the facts discovered support this defense, SGCI reserves the right to assert that Plaintiff has failed to exhaust her administrative prerequisites prior to filing suit.

4. As set forth in Defendant's simultaneously-filed Motion to Dismiss, incorporated herein, Plaintiff's claims are barred or limited by lack of subject-matter jurisdiction.

5. As set forth in Defendant's simultaneously-filed Motion to Dismiss, incorporated herein, Plaintiff's claims are barred or limited by her failure to timely exhaust administrative remedies because Plaintiff did not file a Charge with either the EEOC or the Missouri Commission on Human Rights within the requisite number of days.

6. As set forth in Defendant's simultaneously-filed Motion to Dismiss, incorporated herein, Plaintiff's claims are barred or limited by her failure to timely exhaust administrative remedies because she did not file a perfected Charge with either the EEOC or the Missouri Commission on Human Rights.

7. As set forth in Defendant's simultaneously-filed Motion to Dismiss, incorporated herein, Plaintiff's retaliation claim is barred or limited by her failure to assert this claim in a timely manner.

8. To the extent the facts discovered support this defense, SGCI reserves the right to assert that Plaintiff failed to timely file her Complaint, and that it is barred by the statute of limitations.

9.  To the extent the facts discovered support this defense, SGCI reserves the right to assert that Plaintiff has failed to mitigate her alleged damages.

10. To the extent the facts discovered support this defense, SGCI reserves the right to assert that Plaintiff's claims are barred or limited by the doctrine of after-acquired evidence.

11. To the extent Plaintiff seeks equitable relief, her claims are barred by the doctrines of waiver, laches, estoppel, and unclean hands.

12. There is no basis in law or in fact on which Plaintiff is entitled to recover damages.

13. Plaintiff's claims for punitive damages and liquidated damages are barred because the acts, if any, and omissions, if any, of SGCI do not rise to the level required to sustain an award of punitive damages and/or liquidated damages, were not motivated by evil intent, do not evince a reckless or callous indifference to any of Plaintiff's protected rights, and are not so wanton or willful as to support an award of punitive damages as a matter of law.

14. Plaintiff fails to state a claim upon which an award of attorney's fees can be granted.

15. At all times relevant to this action, SGCI acted reasonably and in good faith.

16. All actions by SGCI were taken for legitimate, non-discriminatory business reasons.

17. All actions by SGCI were for good cause.

18. All actions taken by SGCI would have been taken regardless of Plaintiff's exercise or attempt to exercise rights under the Family and Medical Leave Act.

19. To the extent Plaintiff attempts to further a mixed-motive case, SGCI reserves the right to assert that it would have taken all actions with respect to Plaintiff even if a prohibited basis were not involved.

20. SGCI reserves the right to add, alter, or amend its affirmative and other defenses.

WHEREFORE, SGCI requests that Plaintiff take nothing by way of this action and that the Court enter a judgment in SGCI's favor against Plaintiff on all claims. SGCI further requests that costs be assessed against Plaintiff and that SGCI be awarded all other appropriate relief.

Respectfully submitted,

s/ Carolyn Clay Hall
Jeffery M. Mallamad (#11253-98)
Carolyn Clay Hall (#24124-49)
Katherine Gehring Erdel (#27831-49)
BINGHAM MCHALE LLP
10 West Market Street, Suite 2700
Indianapolis, IN  46204
Phone: (317) 635-8900
Fax:    (317) 236-9907

*Lead counsel for Defendant, Saint-Gobain Containers, Inc.*

Dennis C. Donnelly
BRYAN CAVE LLP
211 North Broadway, Suite 3600
One Metropolitan Square
St. Louis, MO  63102
*Local counsel for Defendant, Saint-Gobain Containers, Inc.*

## **CERTIFICATE OF SERVICE**

  I certify that on October 26, 2009, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


Kristin Whittle Parke
11901 Olive Blvd., Suite 200
First Bank Building
St. Louis, MO 63141
kwhittlelaw@aol.com


                s/ Carolyn Clay Hall