UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KATHLEEN MAREZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09CV999MLM |
| ) | |
| SAINT-GOBAIN CONTAINERS, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Before the court is the Partial Motion to Dismiss Counts I, II, and III of Plaintiff's Second Amended Complaint filed by Defendant Saint-Gobain Containers, Inc. ("Defendant"). Doc. 30. Plaintiff filed a Response. Doc. 35. Defendant filed a Reply. Doc. 37. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 7.

**LEGAL STANDARD FOR A MOTION TO DISMISS**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion to dismiss a complaint must show "'that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). See also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).

Upon considering a motion to dismiss a federal "court must accept as true all of the allegations in a complaint" that are applicable to legal conclusions. Ashcroft v. Iqbal, 129 S.Ct. 1937,

1950 (2009). However, pleadings which present "no more than conclusions, are not entitled to the assumption of truth." Id.

Further, in regard to a Rule 12(b)(6) motion, the Supreme Court holds:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citations omitted] a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ... see, e.g., ... Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

Twombly, 127 S. Ct. at 1964-65. See also Gregory v. Dillard's, Inc., 2009 WL 1290742 (8th Cir. May 12, 2009) (en banc) ("[A] plaintiff 'must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims ..., rather than facts that are merely consistent with such a right.'") (quoting Stalley v. Catholic Health Initiative, 509 F.3d 517, 521 (8th Cir.2007)).

Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." Twombly, 127 S. Ct. at 1965 (citation omitted). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [its] claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**BACKGROUND**

Plaintiff alleges, in regard to all Counts of the Second Amended Complaint, that Defendant is a manufacturer of glass containers for the food and beverage industry; that one of Defendant's plants is located in Pevely, Missouri; that Defendant hired Plaintiff as an employee at the Pevely plant; that, while employed by Defendant, Plaintiff worked as a Shift Supervisor; that Defendant terminated

2

Plaintiff on January 30, 2008; and that Plaintiff has exhausted her administrative remedies by timely filing with the Missouri Commission on Human Rights ("MCHR") and timely filing the instant lawsuit within ninety days of receiving a Notice of Right to Sue from the MCHR. In particular, in **Count I**, Plaintiff alleges that Defendant **retaliated** against her in violation of the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. § § 213.010, et seq., in that Plaintiff complained to Defendant about Defendant's alleged disparate treatment of female and male employees; that Plaintiff's conduct in this regard was protected activity under the MHRA; that Defendant retaliated against Plaintiff for her engaging in this protected activity; and that Defendant's retaliatory conduct included sending her home for the remainder of a work-day and issuing her a written disciplinary letter on May 17, 2007, allegedly for insubordination, and giving her an unfairly negative and inaccurate performance evaluation on June 27, 2007. In **Count II** of the Second Amended Complaint, Plaintiff alleges that, on January 30, 2008, Defendant **discharged** her in violation of the MHRA, § § 213.010 et seq., in that Plaintiff's **gender, female, was a contributing factor** to Defendant's discharging her. In **Count III**, Plaintiff alleges that Defendant violated the MHRA, in that Plaintiff's **age, forty-four, was a motivating factor in Defendant's discharging her**. In Counts IV and V, Plaintiff alleges that Defendant violated the Family Medical Leave Act, 29 U.S.C. § § 2611, et seq., upon its terminating her.[1]

Plaintiff alleges that on April 22, 2008, she sent, by facsimile, a letter to the Equal Employment Opportunity Commission, St. Louis Office ("EEOC"). [2] In this letter Plaintiff stated,

---

[1] Defendant's Partial Motion to Dismiss does not address Counts IV and V.

[2] Although the pending motion is a motion to dismiss, the court has considered exhibits submitted by both parties to determine whether Plaintiff's Second Amended Complaint should be dismissed, in part. Significantly, neither party disputes the authenticity of any of the exhibits, although Defendant takes issue with the statements made by Plaintiff in her May 2009 letter to the EEOC. Under such circumstances, it was not necessary for the court to convert Defendant's Partial Motion

among other things, that while employed by Defendant she was "written up for insubordination because [she] provided documentation and questioned [her] manager [ ] why the discipline was not distributed equally through out all employees"; that in response to this conduct she was sent home for the rest of the day and written up for insubordination; that on June 27, 2007, she was given a poor review despite her not having been told in the past year that there was a problem with her work; and that she "was terminated for being an older female supervisor." Def. Ex. 1 at 1-5. The EEOC's Questionnaire Screening form states that the EEOC received Plaintiff's fax/letter on April 22, 2008. Pl. Ex. 3. According to the EEOC's Inquiry/Charge Information form, on April 25, 2008, the EEOC received a hardcopy of Plaintiff's fax and the matter was assigned to EEOC investigator Lucille Slater. Pl. Ex. 4. Ms. Slater's Interview Notes, dated April 29, 2008, state that she interviewed Plaintiff on this date and state the substance of Plaintiff's complaints against Defendant. Pl. Ex. 5. An EEOC Case Log states that Plaintiff told Ms. Slater during the April 29, 2008 interview that she was "not interested in pursuing a charge at th[at] time." Def. Ex. 4. The EEOC Case Log further states that on April 5, 2009, the EEOC received a request from Plaintiff's attorney for a Notice Right to Sue Letter. Def. Ex. 4. In a letter dated May 5, 2009, addressed to the EEOC, Plaintiff's attorney stated that she represented Plaintiff and that she was requesting Plaintiff's Notice of Right to Sue. Pl. Ex. 8.

A letter dated May 29, 2009, from Plaintiff to James Neely, the Director of the EEOC, states, in relevant part:

> On 4/22/2008 I filed a Charge with the E.E.O.C. of Discrimination and Retaliation. I faxed over my 2 page termination letter and a 6 page[] description of my treatment at St. Gobain during my employment. I then received a call from Lucile Slater in

---

to Dismiss as a motion for summary judgment. See Evans v. McDonnell Aircraft Corp., 395 F.2d 359 (8th Cir. 1968). In any case, as discussed below, Plaintiff's factual assertions in her letter to the EEOC are not determinative of the merits of Defendant's Partial Motion to Dismiss.

regards to my fax. After answering some questions from her and explaining the
Discrimination and retaliation I received from St. Gobain, she informed me that she
would give me a Right to Sue letter for retaliation. I asked her what a Right to Sue
letter was? She explained that if **after investigation** a Charge the E.E.O.C. felt that
the employee had been violated, **they would give the employee a right to sue letter**.
She said it was clear that I had been retaliated against. I told her to give me one. She
said No not right now. She told me I needed to get an attorney first, because once
the right to sue letter was issued I had only 90 days to file a lawsuit. I said ok. ...
Mrs. Slater **had lead me to believe that my Charge was filed** and an attorney was
all that was needed.

Pl. Ex. 6 (emphasis added) (capitalization, punctuation, and grammar in original). [3]

The EEOC Case Log reflects that on June 17, 2009, a "no action, late [] notice" was mailed.

Def. Ex. 4. The June 17, 2009 notice to Plaintiff from the EEOC states as follows:

This is in response to your recent facsimile received in our office on June 9, 2009,
regarding your charge of employment discrimination filed with the Equal Employment
Opportunity Commission (EEOC) against St. Gobain Containers (EEOC Charge No.
560-2008-01679).

A review of our records reveals the following: On **April 22, 2008**, our office received
a facsimile from you alleging **sex and age discrimination** against St. Gobain
Containers. On April 25, 2008, the hardcopy of your letter was received in our office.
Your letter was docketed as an inquiry and assigned to Investigator Lucille Slater on
April 25, 2008. On April 29, 2008, you were interviewed by Ms. Slater. At the
conclusion of your interview, Ms. Slater informed you that she believed that the
information you had provided had not sufficiently supported your allegations of being
subjected to discrimination based on your sex or age. You did not insist on filing a
charge at that time, and so no charge was taken against the employer. Your inquiry
was subsequently closed.

Our records indicate that our office had no further contact from you until **May 5,
2009**, when attorney Ms. Kristin F. Whittle Parke, notified our office that she
represented you and was requesting a Right to Sue. At that time, your attorney was
notified that no charge had been filed.

---

[3] Defendant states that Plaintiff did not include the June 1, 2009 letter with her initial
disclosures. Defendant also states that this letter is unsigned and unverified, and that the statements
in it contain hearsay. As such, Defendant contends that the June 1, 2009 letter should be disregarded.
On addressing Defendant's Partial Motion to Dismiss the court is merely determining whether
Plaintiff has alleged sufficient facts to establish that Plaintiff timely filed a charge with the EEOC. The
court is not resolving factual disputes.

5

> Your inquiry information has been recovered and has been docketed as a charge of discrimination. Notice of the charge is being served on the employer. Please review the enclosed perfected charge of discrimination. Sign and return the charge in the enclosed self-addressed postage paid envelope. Once we have received the signed charge of discrimination, a right to sue will be issued as you have requested. You may pursue your claim by filing a lawsuit in federal court within 90 days of your receipt of the Right to Sue (Issued on Request). If you do not file a lawsuit within the 90-day period, your right to sue in federal court will be lost and cannot be restored by the EEOC.

Def. Ex. 3 (emphasis added).

The EEOC sent Defendant a letter also dated June 17, 2009, which states as follows:

> This is to provide notice that **the charge referenced above was filed on April 25, 2008.** Due to an administrative error, notice of the charge was not provided to you within the ten days required by the statute. Failure of the EEOC to send timely notification of the filing of a charge of employment discrimination does not affect the rights of the individual filing the charge with regard to an administrative remedy under the EEOC's procedures.

Pl. Ex. 10 (emphasis added).

The EEOC sent Plaintiff a copy of an unperfected charge which Plaintiff signed and returned to the EEOC on about **June 22, 2009**. Pl. Ex. 11. On **June 29, 2009**, Plaintiff filed the Complaint in the matter under consideration. Doc. 1. The EEOC issued a Notice of Right to Sue on **July 9, 2009**. Pl. Ex. 12; Def. Ex. 6.

Plaintiff's attorney sent the EEOC a Freedom of Information Act Request ("FOIA Request"), dated September 1, 2009, to which Request the EEOC responded on September 25, 2009. Pl. Ex. 7. Although the EEOC provided Plaintiff's attorney with some of the documents requested, the EEOC's response reflects that the EEOC refused to provide the following: "Memo dated May 20, 2009, from the Investigator to the Supervisor containing analysis and recommendation"; "Memo dated April 29, 2008, from the Investigator to the File containing analysis and recommendation"; "EEOC Checklist (undated) from the investigator containing analysis and recommendation"; "E-mail dated October 29, 2008 from and to the ADR manager to the Director containing analysis and

6

recommendations"; and "EEOC Charge Detail Sheet (undated) from the Investigator containing analysis and recommendation." Pl. Ex. 7.

Defendant contends in the Partial Motion to Dismiss that Counts I, II, and III should be dismissed because Plaintiff missed the statute of limitations for filing a charge with the EEOC and that, therefore, the charge which Plaintiff perfected in June 2009 was untimely. Defendant also contends that Count I, alleging unlawful retaliation, should be dismissed for failure to state a claim. Further, Defendant contends that Plaintiff's original Complaint, to the extent it alleges unlawful retaliation, was untimely filed in this court. Defendant also contends that Counts I, II, and III of the Amended Complaint should be dismissed because Plaintiff's original Complaint was premature as it was filed prior to Plaintiff's receiving her Notice of Right to Sue.

## ANALYSIS

A.   **Timeliness -Statutory Framework:**

The MHRA requires a plaintiff to exhaust her administrative remedies by filing a Charge of Discrimination with the EEOC or the MCHR. Mo. Rev. Stat. § 213.075.1; Shannon v. Ford Motor Co., 72 F.3d 678, 684 (8th Cir.1996) (quoting Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir.1994)); Stuart v. Gen. Motors Corp., 217 F.3d 621, 630 (8th Cir. 2000). "Administrative remedies are exhausted by the **timely filing** of a charge and the receipt of a right-to-sue letter." Faibisch v. Univ. of Minn., 304 F.3d 797, 803 (8th Cir. 2002) (emphasis added). Under the **MHRA a charge of discrimination must be filed within 180 days of the alleged unlawful employment practice**. Mo. Rev. Stat. § 213.075.1.[4] Where a plaintiff is terminated or

---

[4] Mo. Rev. Stat. § 213.075.1 states, in relevant part:

Any person claiming to be aggrieved by an unlawful discriminatory practice may make, sign and file with the commission a verified complaint in writing, **within one hundred eighty days of the alleged act of discrimination**, which shall state the

7

disciplined, the statute commences running when the plaintiff receives notification of the termination decision or of the discipline. See Dring v. McDonnell Douglas Corp., 58 F.3d 1323, 1328 (8th Cir. 1995). Further, the MHRA, § 213.111.1, provides that a Notice of Right to Sue must issue after 180 days and that "[a]ny action brought in court under this section shall be filed within ninety days from the date of the commission's notification letter to the individual but no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party."

The Supreme Court held in Edelman v. Lynchburg College, 535 U.S. 106 (2002),[5] that a technically flawed charge of discrimination, which is later perfected, satisfies the requirement of filing with the EEOC where the EEOC has failed to abide by its statutory duties regarding the filing of a charge. Sifferman v. Board of Regents, Southeast Missouri State Univ., 250 F. Supp.2d 1139, 1143 (E.D. Mo. 2003).[6] Indeed, the Eighth Circuit holds that a charging party should not be penalized for

---

name and address of the person alleged to have committed the unlawful discriminatory practice and which shall set forth the particulars thereof and such other information as may be required by the commission.

[5]     Sifferman, 250 F. Supp.2d at 1143, held that Edelman, 535 U.S. 106, overruled the Eighth Circuit line of cases holding that an EEOC Intake Questionnaire, which is neither signed under oath or verified, does not satisfy the statutory requirement for an administrative charge. Henry, 2009 WL 995546, at *4, holds that Edelman only overruled this line of cases to the extent that requires a court "to review the information provided in the questionnaire to determine whether it meets the statutory requirements of a charge under Title VII." Upon finding that the EEOC's new Intake Questionnaire was a valid charge, the court in Henry, WL 995546, at *5, considered that the EEOC's form required the complainant to sign it and declare under oath that the information provided in the questionnaire was true. As such, the court found that "there essentially no longer exists a difference between the formal charging document and the charge information forms." Id.

[6]     In Sifferman, 250 F. Supp.2d 1139, the plaintiff filed an unsigned and unverified Intake Questionnaire with the EEOC; an investigator sent a letter to the plaintiff notifying him that he must file a charge within 300 days of the alleged act; the plaintiff then resent his information to the EEOC, which document the EEOC lost; and the EEOC subsequently sent the plaintiff a charge of discrimination, which the Plaintiff filed. The court held that the charge was deemed filed at the time the plaintiff filed the Intake Questionnaire, based on the EEOC's conduct of losing Plaintiff's paperwork.

8

an error made by the EEOC which affects the timeliness of a charge. Tuft v. McDonnell Douglas Corp., 517 F.2d 1301, 1309 (8th Cir. 1975) ("[It] is undisputed that [the plaintiff] relied on the Commission's procedures and, in the absence of prejudice to the defendant, she should not be penalized for any errors or omissions of the EEOC."). Additionally, the EEOC's Intake Questionnaire is considered a valid charge under Title VII for purposes of the statute of limitations when it is signed under oath. Henry v. Missouri Dept. of Transp., 2009 WL 995546, at *5 (E.D. Mo. Apr. 14, 2009) (holding that a "charge information form meets the statutory requirements of an EEOC charge" where the form is signed under penalty of perjury).

Defendant argues, without authority, that the "relation-back doctrine," as described in Edelman, 535 U.S. 106, is not applicable to a claim under the MHRA. However, "[d]ecisions under the various federal employment discrimination statutes [is] applicable and authoritative under the MHRA as well as federal law." Lane v. Ground Round, Inc., 775 F. Supp. 1219, 1223 (E.D. Mo. 1991). See also Buettner v. Arch Coal Sales Co., Inc., 216 F.3d 707, 715 (8th Cir. 2000); Heintzelman v. Runyon, 120 F.3d 143 n.4 (8th Cir. 1997); Smith v. St. Louis Univ., 109 F.3d 1261, 1264 n.2 (8th Cir. 1997); Tart v. Hill Behan Lumber Co., 31 F.3d 668, 671 (8th Cir. 1994); Marks v. School District of Kansas City, Missouri, 941 F. Supp. 886, 892 (W.D. Mo. 1996). As such, the court finds that the "relation-back doctrine" is applicable to claims under the MHRA.

**B.     Discussion of Timeliness:**

Defendant contends that Counts I, II, and III should each be dismissed because Plaintiff failed to timely perfect her charge as required by Mo. Rev. Stat. § 213.075.1. In particular, Defendant contends that, although Plaintiff contacted the EEOC on April 22, 2008, and even though the EEOC received a hardcopy of Plaintiff's fax on April 25, 2008, Plaintiff's fax was docketed as an inquiry; Plaintiff did not file a charge either on April 22 or 25, 2008; and Plaintiff did not attempt to perfect

9

a charge until June 22, 2009. Defendant further contends, in regard to Count I, alleging retaliation, that even assuming, arguendo, that Plaintiff filed a charge on April 22, 2008, the charge was untimely as it was filed in excess of the 180 day requirement of Mo. Rev. Stat. § 213.075.1.

Plaintiff contends to the extent that the EEOC did not docket her fax of April 22, 2008, as a charge, the EEOC erred; that because it was the EEOC's error she should not be penalized; and that, therefore, April 22, 2008, should be considered as the date she filed a charge with the EEOC for purposes of the MHRA's 180 day requirement for the filing of a charge with the MHRC/EEOC. Plaintiff argues, alternatively, that April 25, 2008, the date the EEOC received a hardcopy of her fax, is the date she filed a valid charge.

First, in regard to Count I, Plaintiff alleges that Defendant issued the allegedly retaliatory written disciplinary letter and sent Plaintiff home early on May 17, 2007, and that Defendant issued the allegedly negative and inaccurate performance evaluation on June 27, 2007. Even assuming, arguendo, that the letter which Plaintiff faxed to the EEOC on April 22, 2008, was a valid charge, such a charge is untimely as it was filed in excess of 180 days from the date Defendant engaged in the allegedly retaliatory conduct. See MHRA, Mo. Rev. Stat. § 213.075.1. As such, even considering Plaintiff's May 22, 2008 fax as a valid charge regarding the allegations of Count I, the charge was untimely pursuant to the MHRA, Mo. Rev. Stat. § 213.075.1. The court finds, therefore, that Defendant's Partial Motion to Dismiss should be granted in regard to Count I of the Second Amended Complaint.[7]

---

[7] Title VII likewise requires that a charge of an unlawful employment practice be filed within 180 days after the alleged employment practice occurred. 42 U.S.C. § 2000e-5(e)(1). Title VII also has an alternative 300 day limitation. 42 U.S.C. § 2000e-5(e)(1) ("[I]n a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment

Second, the conduct of which Plaintiff complains in Counts II and III occurred on January 30, 2008. Indeed, Plaintiff's April 2008 fax/letter was never signed under oath or verified. Nonetheless, the EEOC stated in its June 17, 2009 letter to Defendant that, **due to its administrative error**, notice of the charge was not provided to Defendant and that it was the **EEOC's conduct which caused Plaintiff to file an untimely charge**. Moreover, at this stage in the proceeding Defendant has not established that it will be prejudiced if Plaintiff's April 2008 fax/letter is considered a timely filed charge. See Tuft, 517 F.2d at 1310. As such, the court finds, applying the relation-back doctrine established by the Supreme Court in Edelman, 535 U.S. 106, that Plaintiff should not be penalized for the EEOC's admitted error and that her charge should be considered timely. See Sifferman, 250 F. Supp.2d at 1143. The court further finds, in regard to Counts II and III, that Defendant's Partial Motion to Dismiss should be denied as Plaintiff has sufficiently alleged sufficient facts to establish that she timely filed a charge with the EEOC.

---

practice occurred."). Even if the court were to apply Title VII's alternative 300 day requirement for a filing of a charge with the EEOC, to the extent Plaintiff alleges retaliation on May 17, 2007, and assuming the May 22, 2008 fax was a valid charge, the charge was untimely. On the other hand, to the extent Plaintiff alleges retaliation on June 27, 2007, pursuant to Title VII's alternative 300 day limit, Plaintiff's charge would be timely if May 22, 2008, is considered as the date the charge was filed. The charge, in regard to the alleged June 27, 2007 retaliation, would however, be untimely, if May 25, 2008, the date the EEOC received the hardcopy, were considered as the date a charge was filed. Nonetheless, Plaintiff brings her cause of action for retaliation in Count I only pursuant to the MHRA and, therefore, cannot take advantage of Title VII's alternative 300 day requirement.

Because the court has found that, assuming that Plaintiff filed a charge with the EEOC regarding the allegations of Count I on April 22, 2008, that charge was untimely pursuant to the MHRA, the court need not determine whether Plaintiff's original Complaint, to the extent it alleged retaliation, was timely filed in this court pursuant the two year limitation of Mo. Rev. Stat. § 213.111.1. The court notes, however, in regard to the alleged retaliation on May 17, 2007, the original Complaint was filed in excess of two years. Also, because the court has found that Count I of Plaintiff's Second Amended Complaint should be dismissed as untimely, the court need not address Defendant's argument that Plaintiff has failed to state a cause of action in Count I.

11

## C.     Premature Filing of the Complaint:

Defendant contends that Counts I, II, and III of Plaintiff's Second Amended Complaint should be dismissed because Plaintiff filed the original Complaint prior to the EEOC's issuing the Notice of Right to Sue. As noted by Plaintiff, while this matter was pending, Plaintiff received the Notice of Right to Sue. Thus, Plaintiff did not comply with the requirement of the MHRA that she have received a Notice of Right to Sue prior to filing her original Complaint.

Plaintiff contends that, had she not prematurely filed, she would have been barred from filing her Complaint based on the MHRA's requirement that a complaint must be filed no latter than two years after the alleged unlawful conduct. Indeed, this is true only in regard to Count I's allegation of retaliation on June 27, 2007, as Plaintiff filed her original Complaint on June 26, 2009, one day prior to the expiration of the two-year statutory limitation.[8] In any case, because the court has found above that Count I should be dismissed on other grounds, the court need not address Defendant's argument regarding prematurity of the Complaint in regard to Count I.

However, given the EEOC's admitted fault in failing to process Plaintiff's charge, the court finds, in regard to Counts II and III, that, in the interest of justice, Plaintiff's Second Amended Complaint should not be dismissed based on the original Complaint's being filed prior to the issuance of the Notice of Right to Sue. See Edelman, 535 U.S. 106.

---

[8]     The original Complaint was filed well in excess of the two-year limitation in regard to the retaliation alleged to have taken place on May 17, 2007, and it was filed within the two year limitation in regard to the allegations of Counts II and III relating to Plaintiff's January 30, 2008 discharge.

## CONCLUSION

For the reasons more fully set forth above, the court finds that Defendant's Partial Motion to Dismiss should be granted in regard to Count I of the Second Amended Complaint, and denied in regard to Counts II and III.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Partial Motion to Dismiss Counts I, II, and III of Plaintiff's First Amended Complaint is **GRANTED**, in part, and **DENIED,** in part; Doc. 30.

**IT IS FURTHER ORDERED** that Defendant's Partial Motion to Dismiss is **GRANTED** as to Count I of Plaintiff's Second Amended Complaint and that Count I is **DISMISSED**;

**IT IS FURTHER ORDERED** that Defendant's Partial Motion to Dismiss is **DENIED** as to Counts II and III.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 31st day of December, 2009.